### GREEN v. NATIONAL LIFE & ACCIDENT INS. CO., Inc.

### No. 16994.

Court of Appeal of Louisiana. Orleans.

Oct. 17, 1938.

Porteous, Johnson & Humphrey, of New Orleans (F. Carter Johnson, Jr., of New Orleans, of counsel), for appellant.

Cabral & Graham, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Willie Green, brings this suit against the defendant seeking recovery of certain disability benefits on a health and accident insurance policy. He alleges that, on October 19, 1937, while in the

performance of his work as a longshoreman, he suffered certain accidental injuries consisting of a sprain of his right knee and ankle and that, as a result, he was continually disabled from work until December 21, 1937. He further avers that he is insured in the defendant company under its Policy No. 16144267; that, by the terms thereof, defendant agreed to pay him a weekly disability benefit of $10; that he was paid for three weeks and that thereafter the defendant failed and refused to pay him the additional six weeks, to which he is entitled, without just and reasonable cause. He prays for judgment in the sum of $60 together with the penalties provided for under Act 310 of 1910 and reasonable attorney fees.

The defendant admits the issuance of the policy to plaintiff and the coverage granted to him thereunder but resists liability on the grounds (1) that on November 9, 1937, plaintiff executed a release completely discharging it from any further liability to him under the policy for any injury sustained prior to that date and (2) that plaintiff has not suffered any disability since November 9, 1937.

The case was submitted below on these issues and resulted in a judgment in favor of the plaintiff for the amount prayed for. Wherefore this appeal.

We first consider the so-called release executed by the plaintiff in defendant's favor, which reads as follows:

"Claim Receipt
"$10.00                          11/9/37
"Received of
"The National Life and Accident
    Insurance Co., Inc. of
    Nashville, Tennessee
".... Ten and no/100.......Dollars
as the last and final payment due me and in full settlement, discharge and satisfaction of all liability of said Company, under or arising out of its Policy No. W-16144267 for any injury sustained or illness contracted prior to this date.
                "(Signed)  Willie Green
                              "Claimant
"(Signed)  F. Fraenkel
        "Witness."

Plaintiff claims that the foregoing document is invalid because it was obtained from him through fraud and misrepresentation (he being an ignorant negro unable to read) and further that it is not enforcible

as a compromise because he received no consideration for its execution.

The language used in the release is clear and explicit and provides that the payment of $10 is the final payment due to the assured on account of any injury sustained prior to November 9, 1937. Insofar as any past payments made to the assured are concerned, the release constitutes a full receipt for any such monies due by the insurance company to the date it was given, but whether it can be considered as a compromise of plaintiff's future disability depends upon whether he received any consideration, however small, for signing it.

Under Art. 3071 of the Revised Civil Code, it is essential to the legality of every compromise that there be a consideration flowing from one party to the other so that the hope of gain is always balanced by the danger of losing. And it is well settled that, in order to effect a binding compromise agreement, there must be a dispute between the parties as to the amount due. See Reid v. J. P. Florio & Co., Inc., La.App., 172 So. 572; Aronson v. Pailet, La.App., 173 So. 545; Breeland v. Kenner, La.App., 174 So. 678, and Davis-Wood Lbr. Co., Inc. v. Farnsworth & Co., Inc., La.App., 171 So. 622.

In order to discover whether there was any consideration for the release granted in the instant case, we examine the evidence submitted which is explanatory of the circumstances under which the document was executed.

Felix Fraenkel, the defendant's agent who obtained the release from plaintiff, testified that on November 9, 1937, he called upon Green to make the final disability payment. He says that he explained to the latter that the $10 being paid to him would be the final payment for the disability due under the policy because he, the agent, did not consider that Green was incapacitated (although the latter was walking on crutches at the time). During the course of Fraenkel's cross-examination, he testified as follows:

"Q. What differences existed between you and Green that resulted in a compromise being made for $10.00?

"A. You keep calling it a compromise but I call it a release for any disability from that injury, either past or present, and I told him at the time that I thought

his disability was over, that he wasn't totally disabled any longer and we made this as a final claim."

The foregoing admission proves beyond any doubt that there was no dispute between the parties with respect to the $10 then due to the plaintiff which formed the basis for the execution of the receipt and that the company's agent did not consider that the claim was being compromised. Hence, the giving of the release was without consideration with respect to any future claim for disability under the policy.

Since we are of the opinion that the release is invalid as a compromise settlement, we turn our attention to the period of time plaintiff was disabled after November 9, 1937.

Green testified that he was totally disabled from 'the date of the injury on October 19, 1937, until December 21, 1937, when he was discharged from the Charity Hospital at New Orleans. The record also shows that he received treatment at that institution from November 30th to December 21, 1937, where his ailment was diagnosed as Pelligrini-Stieda's disease of the right knee.

The trial judge was of the opinion that the foregoing evidence was sufficient to establish plaintiff's disability for the weeks sued for and we concur in his ruling.

Finally, defendant complains of the lower court's action in assessing against it the penalties and attorney fees provided for by Act 310 of 1910. This statute requires insurance companies to pay the claims of their policyholders within 30 days after notice unless they have just and reasonable grounds for not doing so.

It is said by the defendant that it has been in good faith in its dealings with Green and that it was reasonable for it to suppose that the release signed by him afforded to it full protection against his future disability. We cannot agree with this contention. It appears that, at the time the defendant's agent called upon the plaintiff and obtained the release, Green was apparently disabled in that he was walking on crutches. If the defendant had been in good faith with respect to plaintiff's freedom from ailment on this date, it should have had him examined by a physician. Far from doing this, its agent unwarrantedly concluded that plaintiff would not be further incapacitated.

Insofar as the release, pleaded in bar of this suit, is concerned, the defendant's evidence, as to the manner in which it was obtained, does not impress us. A reading of the agent's testimony is sufficient to convince us that he procured the release from this ignorant negro without explaining to him the nature or purport of its contents.

The trial judge was therefore correct in permitting the assessment of statutory penalties and reasonable attorney fees.

Plaintiff, in this court, has claimed damages for frivolous appeal. His application is refused.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, J., absent, took no part.