AYRES, Judge.
Plaintiff instituted this action to recover of the defendant judgment for $564 as the alleged purchase price of two television sets sold and delivered by it to defendant in 1953, which sets were alleged to be only two of the many sets and other appliances sold to defendant upon open account. From a judgment sustaining exceptions of no cause and of no right of action and dismissing its suit plaintiff prosecutes a devolutive appeal to this court.
. Defendant’s exceptions are predicated upon an affirmative showing of a compromise and settlement of defendant’s account with plaintiff. In this connection plaintiff alleges that in March, 1954, a dispute arose between plaintiff and defendant concerning the balance due on refunds under extended warranty contracts and in consequence of which plaintiff and defendant entered into a negotiated settlement for $1,150.50 in full settlement for all television sets delivered by plaintiff to defendant, less credits for extended warranty contracts then known to plaintiff; that at said time plaintiff did not know and was not informed by defendant that the two television sets, for which judgment for the purchase price is sought, had been delivered by its agent to defendant, and that had it known of such transfer and delivery it would not have entered into said settlement for the aforesaid consideration. It was further alleged that defendant at the time of the aforesaid settlement knew that plaintiff was not aware of the facts here-inabove detailed. There was no demand or prayer that the compromise be set aside. Notwithstanding the compromise and settlement of the open account as aforesaid, plaintiff seeks to recover for two of those sets which were sold and delivered prior to the compromise without the compromise settlement being first set aside.
The action of the trial court was predicated upon the proposition that plaintiff has no cause or right of action to recover for the purchase price of merchandise covered and included in the compromise settlement so long as the compromise agreement is not set aside and remains in force. With this we are in full accord. A compromise is defined by LSA-C.C. Art. 3071, which reads:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
“This contract must be reduced into writing.”
The effect of a compromise is stated in Art. 3078 to be:
“Transactions have, between the interested parties, a force equal to the authority bf things adjudged. They can not be attacked on account of any *252 error in law or any lesion. But an error in calculation may always be corrected.”
Thus it is seen that a compromise is as binding on the interested parties as a judgment and can not be collaterally assailed, Oglesby v. Attrill, 105 U.S. 605, 26 L.Ed. 1186, and has the force of a thing adjudged. Adle v. Prudhomme, 16 La.Ann. 343. A compromise agreement freely made has the dignity and force of a definitive judgment so far as it definitely and irrevocably fixes the rights and liabilities of parties thereto as relating.to the subject-matter dealt with. Jackson v. United States Fidelity & Guaranty Co., La.App., 199 So. 419.
And, where a compromise settlement, such as involved here, is not an absolute nullity, it can not be attacked collaterally, and a direct action is necessary to set it aside since the Codal provision above quoted gives to it the same force and attributes of a judgment of court. Succession of Rouse, 144 La. 143, 154, 80 So. 229; Chapin v. Federal Transp. Co., La.App., 70 So.2d 189; C.P.Arts. 607, 610.
The effect of our jurisprudence is that where a compromise or settlement is not an absolute nullity it can not be attacked collaterally but a direct action is necessary to set it aside. Succession of Rouse, supra; Bodcaw Lumber Co. of Louisiana v. Wallette, La.App., 19 So.2d 663; Chapin v. Federal Transp. Co., supra.
The reason therefor is that the aforesaid provisions of the LSA-Civil Code accord such a compromise or transaction the force and effect of a definitive judgment.
As indicated, this is not an action to set aside the compromise and settlement made and entered into by plaintiff and defendant. However, notwithstanding this settlement, plaintiff seeks to recover judgment for items covered and included in the settlement. It is clear this can not be done. A prerequisite is a direct action to set aside the settlement. Inasmuch as plaintiff’s petition affirmatively alleges a compromise settlement, it necessarily follows plaintiff is without right to recover judgment on the items included in the settlement. Its petition, therefore, discloses no cause of action.
For the reasons assigned, the judgment appealed is affirmed at appellant’s cost.
Affirmed.