121 So.2d 531 (1960)
James McDANIEL
v.
AUDUBON INSURANCE COMPANY et al.
No. 5033.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
Rehearing Denied June 29, 1960.
*532 Burden & Davidson, Alexandria, Jack L. Simms, Leesville, for appellants.
Wood & Jackson, Leesville, for appellee.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge ad hoc.
This suit was instituted by plaintiff, James McDaniel, against Mrs. Mae O'Neal Pitre and Audubon Insurance Company, the insurer of Mrs. Pitre, for property damages and physical injuries which are alleged to have occurred to plaintiff as a result of his car being struck by a car driven by Mrs. Pitre on about September 4, 1958.
To this suit defendants filed an exception of res judicata, an exception of prematurity, and an exception of no cause and right of action, and an answer to said suit denying generally all the allegations of plaintiff's petition and setting out the compromise and release executed by the defendants and plaintiff, dated the 9th day of September, 1958.
The district court referred the exceptions to the merits, and upon the trial of the merits overruled said exceptions and granted plaintiff judgment against defendants for $10,750, plus expert fees, totaling $450, and ordered defendants to pay all costs of court.
From this judgment defendant Audubon Insurance Company moved for and perfected a suspensive appeal to this court.
Plaintiff filed in this court a motion to dismiss the appeal of defendant, Mrs. Mae O'Neal Pitre, on the ground that she had failed to post or advance any type of bond for a suspensive or devolutive appeal, and that accordingly, her appeal be dismissed.
Plaintiff also filed an answer to the appeal asking that the award granted him by the trial judge be increased, and in the alternative that the judgment be affirmed against Mrs. Pitre and Audubon Insurance Company, jointly and in solido.
Plaintiff had filed a previous suit on October 22, 1958, between the same parties, *533 being No. 17,850 on the docket of Vernon Parish, and was met with an exception of res judicata based on the release or act of compromise, dated September 9, 1958, which has already been mentioned herein. Evidence was adduced on the exception, and before the matter could be decided by the district judge, plaintiff dismissed his suit and filed the present suit.
Counsel for defendant Audubon Insurance Company in his brief sets out that the lower court was in error in forcing Audubon Insurance Company to go to trial on the merits without first affording said insurance company an opportunity to have the appellate court pass on the validity of the release and that the lower court erred in setting aside the compromise agreement.
The Court will first discuss the exception of prematurity, exception of res judicata, and exception of no cause and no right of action, for if one or all of these defenses are good, there will be no need to decide the case on the merits.

On Exception of Prematurity and Exception of Res Judicata and Exception of no Cause and no Right of Action
The evidence discloses that shortly after the accident plaintiff was contacted by Mr. Jack Dean Soden, insurance adjustor for Audubon Insurance Company, in connection with the accident which occurred between the cars driven by Mrs. Mae O'Neal Pitre and plaintiff, and that on about September 9, 1958, Soden and plaintiff went to the Cain Motor Company for the purpose of replacing the car owned by plaintiff and which had been declared to be a total wreck as a result of the aforesaid accident; that plaintiff finally selected a car and he then signed the release in question. Said release reads as follows:

"Release of all Claims
"Know All Men By These Presents:
"That the undersigned, being of lawful age, for the sole consideration of One Hundred and no/100 Dollars ($100.00) to the undersigned in hand paid, receipt whereof is hereby acknowledged, do/does, hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge Mrs. C. Pitre & Audubon Ins. Co. and his, her, their, or its agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations, or partnerships of and from any and all claims, actions, causes, of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the 4th day of September, 1958, at or near Alexandria, La.
"It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releasees deny liability therefor and intend merely to avoid litigation and buy their peace.
"The undersigned hereby declare(s) and represent(s) that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this Release it is understood and agreed, that the undersigned rely (ies) wholly upon the undersigned's judgment, belief and knowledge of the nature, extent, affect and duration of said injuries and liability therefor and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives or by any physician or surgeon by them employed.
"The undersigned further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been *534 made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.
"The Undersigned Has Read the Foregoing Release
and Fully Understands It.
 "Signed, sealed and delivered this 9th day of
 September, 1958.
 "Caution: Read Before Signing Below
"(s) Herman Lovil His LS
----------------- --------------------------
 Witness
 James × McDaniel LS
 ---------------------------
 (s) J. D. Soden
 ---------------
 Witness Mark LS
 -------------------
----------------
 Witness
 "State of |
 }ss.
 "County of|
"On the ___ day of ___, 19 ____, before me personally
appeared ______ to be known to be the person(s)
named herein and who executed the foregoing
Release and ______ acknowledged to me that ______
voluntarily executed the same.
 _________________
 Notary Public"
"My term expires
___, 19 __.
The following persons testified in connection with the release: Plaintiff, and Herman Lovil, Victor Ferguson, John J. Courtney, all employees of Cain Motor Company, and J. D. Soden, insurance adjustor for Audubon Insurance Company. Herman Lovil testified that he signed as a witness to the act of compromise, but did not hear all the conversation between Soden and the plaintiff as he was not interested in the conversation, and the release was not read in the presence of the witnesses. Victor Ferguson, Sales Manager of the Cain Motor Company, was not present at the signing of the release, and his only interest in the case was the sale of the car to plaintiff and the collection of same. John J. Courtney, salesman for Cain Motor Company, was sent to plaintiff's home where the draft was endorsed by plaintiff's wife. J. D. Soden testified that he did not read the release to plaintiff, since plaintiff could not read or write, but explained it to him; that he valued the property damage of plaintiff's car at $100; that the case was settled primarily as a property damage claim; that plaintiff was not sent to a doctor prior to the execution of the release. He then testified that plaintiff was allowed to retain the vehicle which had been wrecked and which had a salvage value of about $25. The draft in question dated September 11, 1958, is identified as Exceptor Exhibit No. 2, was for the sum of $100, the kind of loss is designated as "Property Damage," and said check or draft was made payable to James McDaniel and Cain Motor Company.
The exception of prematurity was based on the proposition that plaintiff was instituting a direct action to set aside the compromise agreement, and in order to do this as required by law, he must return or tender the amount of compromise settlement which he seeks to set aside. Plaintiff sent to defendant a letter with a $100 bill as a tender and which was returned by defendant to plaintiff. This the Court is of the opinion amounts to a tender.
Defendant also complains of the collateral attack on the release. The district court overruled the exception of prematurity in the following language:
"The Act of Compromise urged is in the form of a private instrument, signed by plaintiff's mark, made in the presence of two witnesses, necessitating proof of the signature. Had defendants contented themselves with proving the signature, filed the instrument in evidence and then rested, I doubt that any testimony would have been admissible, on the part of plaintiff, other than proof of forgery, because an act of compromise cannot be collaterally attacked, except where it is an absolute nullity. Wholesale Distributing Co. vs. Warren [La. App.], 84 So.2d 250; Chapin vs. Federal Transportation Co. [La.App.], 70 So.2d 189. However, defendants chose, on the trial of the former plea, and before plaintiff had had any opportunity, either on cross examination of *535 exceptors' own witnesses, or in direct examination of his own, to, themselves, adduce testimony to prove, or tending to prove, that the release was intended to and did, with plaintiff's understanding, cover the compromise of his claim for personal injuries, as well as for property loss. When Exceptors' counsel finally did, after having, himself, gone into the question, objected to plaintiff's crossing. Exceptors' own witnesses, on the identical testimony that he had adduced in chief, the Court admitted the testimony, subject to the objection, reserving its ruling thereon until the conclusion of the trial. As I view the objection now, it is that the testimony was properly admitted for the reason that when Exceptors, themselves, raised the question by adducing testimony thereon, they estopped themselves from making the objection that plaintiff's testimony, on the same subject, constituted a collateral attack on the instrument. There is authority under which the attack on the instrument may be incorporated in the suit for damages. Chapin vs. Federal Transportation Co., 70 So.2d 189; Hindlang [Hindelang] vs. Collord Motors, Inc., 200 La. 569, 8 So.2d 600. There is also authority for the proposition that even where such an instrument cannot be collaterally attacked, but is and the attack is met, no good purpose would be served by relegating the parties to further litigation and the compromise will be decided on its merits. Russ vs. Union Oil Co., 113 La. 196, 36 So. 937, 940.
"The situation produced by Exceptors themselves, first producing proof in contravention of an anticipated collateral attack on the instrument, just as if a direct attack had been made by plaintiff, resulted in a situation exactly as if plaintiff had directly attacked it."
This Court is in accord with the reasons set out by the trial judge and is of the opinion that the exception of prematurity was properly overruled.
The exceptions of res judicata and no right and no cause of action will next be discussed. In support of his contention as to these, counsel for defendants cite the cases of Thompson v. Kivett & Reel, La.App. 1 Cir., 1946, 25 So.2d 124. The Court has no quarrel with the Thompson decision, supra, however, nowhere in the petition in the Thompson case does the plaintiff allege fraud or error. The general rule as to compromise agreements is set forth in the case of Davis v. Whatley, La. App., 175 So. 422, 424. The Court said in the Davis case, supra:
"Article 3078 of the Civil Code provides that a compromise or transaction has, between the interested parties, a force equal to the authority of the thing adjudged. Such a compromise cannot be attacked on account of error of law or for any lesion. But such a compromise or transaction, under article 3079, may be rescinded whenever there exists an error in the person or on the matter in dispute."
After examining the record in the case at bar, the Court is of the opinion that plaintiff was laboring under an error on the matter in dispute, as contemplated under Article 3079 of the Revised Civil Code of LouisianaLSA.
All of the witnesses from Cain Motor Company testified that they were interested primarily in the sale of the car to plaintiff and not in the compromise and release, except that the draft would be paid to Cain Motor Company, and that is the reason that it was made payable to plaintiff and Cain Motor Company.
Even the witness for the defendant insurance company, Mr. J. D. Soden, stated that the release was primarily one for property loss; that at the time he did not consider that plaintiff had suffered any injuries which had resulted from the accident with Mr. Pitre. The compromise agreement *536 was never read to plaintiff. He cannot read or write. The draft showed that the settlement was for a property claim and the defense set forth by defendant in this case seems to be an afterthought on behalf of the insurance company.
Accordingly, the exceptions of res judicata and no cause and no right of action are hereby overruled.

On the Merits
The evidence discloses that Mrs. Pitre and plaintiff were driving their cars in the same direction on the day in which the accident happened, and that Mrs. Pitre struck plaintiff from the rear. She was not present on the day of the trial, nor was any reason assigned for her not being present. The Court is of the opinion that the sole and proximate cause of the accident was the negligence of Mrs. Mae O'Neal Pitre.
Dr. A. Scott Hamilton, an orthopedic specialist of Monroe, Louisiana, testified in open court, and the district judge was impressed with his testimony. Dr. Hamilton testified that plaintiff had suffered a ruptured disc between L-4 and L-5, and possibly between L-3 and L-4. While it is true that plaintiff had suffered a back injury prior to the time and had had other ailments, still there had been no disc injury found to exist prior to the date of the accident.
The district court granted plaintiff damages in the sum of $10,750, $750 being the estimated cost of an operation for a ruptured disc, and $10,000 for personal injuries sustained, including pain and suffering. The award seems to be proper and will not be disturbed.
Plaintiff contends that the district court did not award him medical expenses for several of the doctors which he alleged treated plaintiff prior to the trial. The district court felt that the consultation by the doctors were for the purposes of trial and not for treatment, and accordingly, some of the items of medical expenses were rejected. The ruling of the district court was correct. See the cases of Chamberlin v. Maryland Casualty Company, La.App., 75 So.2d 366; Cummings v. Albert, La.App., 86 So.2d 727.
Through inadvertence, however, the trial court neglected to award the plaintiff damages for the loss of his car, which the record reflects to have been valued at $100 at the time of the accident, and also $105 medical expenses incurred for purpose of treatment and not preparation for the trial, itemized as follows: $15.30, head halter traction; $7.50, medication and pain pills; $50, fee for performing myelogram; $10, ambulance; $22.20, hospitalization. The judgment will therefore be amended to provide for this additional award.
The motion to dismiss the appeal is based upon the absence of the name of the insured from the appeal bond, but we have held that an appeal may not be dismissed for such a clerical error unless the appellant has failed to correct such omission after notice by appropriate proceedings in the court of original jurisdiction. LSA-R.S. 13:4579. Hargett v. Chemical Service, Inc., La.App., 1 Cir., 116 So.2d 855.
For the reasons assigned, the decision of the lower court is amended so as to award the plaintiff the additional sum of $205, and as thus amended is hereby affirmed in all other respects. The costs in the trial court and on appeal are to be paid by the defendants.
Judgment amended and affirmed.

On Application for Rehearing
PER CURIAM.
The defendant-appellant has called to our attention that the plaintiff's tender of $100 for the total loss of his automobile, previously paid to the plaintiff by the adjuster for the defendant insurer, was not *537 accepted but was returned to the plaintiff. Our judgment incorrectly awarded the plaintiff judgment for this amount, and, accordingly, it is corrected so as to delete recovery for this item.
As thus amended, our original decree herein is reinstated.
Application for rehearing denied.