REID, Judge.
The plaintiffs filed a suit against the defendants, Foodtown Inc., and Harbor Insurance Company for damages to Emma *145 T. Mc'Nabb in the amount of $23,020.00 and to John McNabb for $25,600.00 as the result of an injury which was alleged to have happened in the store of Foodtown, Inc., when Mrs. McNabb slipped on a slippery place on the floor and sustained her injuries.
The defendants filed a plea of Res Judi-cata in bar of this present action. This plea is based on a release allegedly given by the plaintiffs, John and Emma T. Mc-Nabb on August 21, 1960 to the defendants, Foodtown, Inc., and Harbor Insurance Co., in consideration of the payment of $320.00.
The court sustained the plea of Res Judicata and dismissed the suit. The plaintiff, Emma T. McNabb, applied for writs of certiorari, mandamus and prohibition, which were refused on the grounds the relator had an adequate remedy by appeal. The plaintiff, Emma T. McNabb, brought this devolutive appeal.
On the trial of the case the defendants-appellees identified the release and receipt which was annexed to their plea by the testimony of Mrs. McNabb herself. She testified that it had been read and signed by both herself and her husband, now deceased
During the trial of the matter, plaintiff offered the testimony of Mrs. McNabb and Mr. R. A. Hatcher to show that the money set forth in the release-was not paid. Mr. Hatcher was an agent of the defendants insurance company.
The defendants objected to this testimony on the grounds that it was not relevant to the issue of Res Judicata. The lower court sustained the objections under the case of McDaniel v. Audubon Insurance Company, La.App., 121 So.2d 531.
The sole question for this court is whether or not the plaintiffs-appellants herein can collaterally attack the Receipt and Release by parol evidence notwithstanding the fact that no pleadings whatsoever attacking the said Release had been filed by plaintiffs-appellants.
It is elementary that our law admits of no replication by plaintiffs to defendant’s answer and that all matters of defense raised in an answer are considered as denied. Moreover, plaintiff is at liberty to produce evidence to counteract, offset or defeat any defense or position tendered by defendant and plaintiff is under no obligation to except or reply to any matter or contention made by defendant in his answer. Galiano v. Galiano, 213 La. 332, 34 So.2d 881; Cheramie v. Stiles, 215 La. 682, 41 So.2d 502. These cases are authoritative for the proposition that all allegations in an answer are open to every objection of law and fact as though specially pleaded.
We feel that the case of Gulf States Finance Corporation v. Strickland, La.App., 32 So.2d 63, is especially in point. In that case the plaintiff sued on a note and was permitted to attack a purported receipt showing that the note was paid in full which receipt was tendered by the defendant in bar of plaintiff’s suit even though plaintiff had not mentioned the receipt in its petition. See also Bartolotta v. Gambino, La.App., 78 So.2d 208; Motors Securities Co. v. Smith, La.App., 83 So.2d 566; Rube v. Pacific Insurance Co. of New York,. La.App., 131 So.2d 240.
There can be no doubt but that the provisions and rationale of Articles 327 and 329 of the Former Code of Practice has been carried over and enlarged in Articles 852 and 856 of the present LSA-Code of Civil Procedure. Article 852, Code of Civil Procedure, says in part:
“ * * * No replicatory pleadings, shall be used and all new matters alleged in exceptions * * * shall be-considered denied or avoided.”
Plaintiffs contend that under this Article they have the right to introduce testimony to show the consideration was not actually paid.
Article 856 of the Civil Code of Procedure says generally that fraud or mistake must be specially pleaded. There is an *146 apparent conflict between these two Articles in so far as to affect the case at bar. The cases hereinabove cited explain the difference between the two Articles and the obvious reason behind the decisions is that since a plaintiff is not permitted to reply to defendant’s answer, it is presumed that all contentions made by defendant are denied and put at issue leaving the plaintiff liberty to attack all theories, contentions and positions taken, made, assumed or asserted by defendant the same as though plaintiff had plead his opposition thereto in his initial petition.
Plaintiff urged in his brief that the trial court could have ordered plaintiffs to amend their petition to allege fraud or error. Under our rules of procedure the only time in which a plaintiff may be ordered to amend his petition is where a court sustains an exception of vagueness filed by the defendant. It is quite a different thing to hold that a court may order plaintiff to amend his petition merely to attack or resist a defense tendered by defendant. We, therefore, feel that the court is without authority to order an amendment and that the procedure to follow in this case is to permit the plaintiff to proceed as though he had expressly alleged in his petition the matter sought to be introduced in opposition to the position set up by defendants in their plea of Res Judicata.
The decision relied upon by the judge of the lower court in his ruling excluding the testimony tendered by plaintiff, namely, McDaniel v. Audubon Insurance Company, La.App., 121 So.2d 531 is not controlling in the present case. Á valid compromise is a bar but where a party contends that a compromise was obtained through fraud, error or mistake or without consideration then said compromise is certainly subject to attack on any of these grounds.
We have no quarrel with the various cases cited by defendant-appellee in their brief. There is no question but an act of compromise or transaction has, between the interested parties, a force equal to the authority of the thing adjudged. (See Article 3078 of the LSA-Civil Code) However, we do not feel that these cases are applicable to the case at bar. These cases do not deprive a party of the right to attack a compromise on the grounds of fraud, error or mistake or lack of consideration.
For the foregoing reasons it is ordered, adjudged and decreed the judgment of the lower court be reversed and the matter remanded to the trial court for further procedure in accordance with the views herein expressed.
Reversed and remanded.