201 So.2d 136 (1967)
Stafford BIELKIEWICZ et al., Plaintiffs-Appellants,
v.
Henry C. RUDISILL et al., Defendants-Appellees.
No. 2050-B.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1967.
Rehearing Denied July 27, 1967.
*139 Roy & Roy, by Chris J. Roy, Marksville, for plaintiffs-appellants.
Gist, Methvin & Trimble, by H. B. Gist, Jr., Teekell & Nugent, by Howard N. Nugent, Gold, Hall & Skye, by Leo Gold, Stafford & Pitts, by Grove Stafford, Jr., Alexandria, for defendants-appellees.
Before TATE, FRUGÉ, and HOOD, JJ.
TATE, Judge.
In the present suit, the plaintiffs (Bielkiewicz and Laborde) sue for personal injuries sustained while riding in a motor vehicle driven by the defendant Rudisill. They sue him and two other defendants[1] for damages resulting from an accident of March 16, 1965, allegedly caused by negligence for which these defendants are liable.
The trial court sustained peremptory exceptions and dismissed this suit. In sustaining the exceptions, the trial court held that certain form "releases" executed by the plaintiffs constituted a compromise or voluntary remission which extinguished or barred suit upon the plaintiffs' claim. The plaintiffs appeal.[2]
The two principal issues of this appeal are:
I. Can the defense that an obligation has been extinguished by a voluntary release be raised by a peremptory exception triable in limine, or instead must it be urged by answer as an affirmative defense to be proved at the trial of the merits?;
II. Is parol evidence permissible to prove that the plaintiffs signed the releases only because of error, so that therefore the releases are not binding?

I.
Can the defense of extinguishment of an obligation be raised by a peremptory exception and tried separately from the trial on the merits?
The plaintiffs filed peremptory exceptions some six months after they had filed answers of general denial. The pleading was captioned "exceptions of no cause or right of action and plea of res judicata". These exceptions were fixed for hearing preliminarily to any fixing for trial on the merits.[3]
The peremptory exceptions were based upon form "releases" signed by the plaintiffs. The instruments were addressed to the Louisiana Department of Public Safety and stated that the plaintiffs had released Rudisill from claims arising from the accident of March 16, 1965.
The defense to the suit raised by these exceptions is, technically, the extinguishment of the obligations by a voluntary remission of the debt. As will be shown more fully below, this defense is distinguishable from the defense that the suit is barred by a compromise.
*140 The plaintiffs-appellants contend that this defense cannot be raised by peremptory exception but only by pleading it by the answer as an affirmative defense. If this is the case, the plaintiffs suggest, then the issue cannot be tried in limine by a hearing of the exceptions but instead can only be resolved after full trial of this and all other issues of the merits of the suit.
The plaintiffs-appellants' contention is essentially based on LSA-CCP Art. 1005. Relevantly, this enactment provides that the defendants "answer shall set forth affirmatively * * * extinguishment of the obligation in any manner, * * * transaction or compromise, and any other matter constituting an affirmative defense. * *" The plaintiffs insist: (a) that, since the article provides that such affirmative defenses "shall" be pleaded by the answer, then they may not be raised separately by exception to be tried preliminarily to trial on the merits; and (b) that, at any rate, the defense of extinguishment of the obligation may not be raised by peremptory exception instead of by answer.
As to (a), we have already held to the contrary in Bowden v. State Farm Mutual Automobile Ins. Co., La.App. 3 Cir., 150 So.2d 655. There we noted that, by the peremptory exception of "res judicata", LSA-CCP Art. 927(2), a party may raise the defense that the suit is barred by a written compromise, even though such is one of the affirmative defenses specifically listed by LSA-CCP Art. 1005. We noted that, in context, that Code provision simply means that, if a special defense is pleaded in the answer, it cannot be pleaded by a mere general denial but instead must be set forth affirmatively.
As to contention (b), however, we ultimately conclude that the plaintiffs are correct in their contention that the defense of "extinguishment of the obligation" cannot be raised by the peremptory exceptions filed by the defendants in this case (1) of res judicata, (2) of no right of action, and (3) of no cause of action.
(1) The exception of res judicata.
At the hearing, over the plaintiffs' objection, Tr. 51, the defendants introduced "releases" executed by the plaintiffs Bielkiewicz and Laborde respectively on forms furnished by the Department of Public Safety of the State of Louisiana. These instruments were in the form of a statement directed to the Department of Public Safety and signed by a plaintiff alone. Each "release" stated that the undersigned had released Rudisill "from all claims and causes of action" arising from the accident March 16, 1965. Neither instrument on its face showed any consideration having been paid or exchanged for the release.
The exception of res judicata is a peremptory exception which must be specially pleaded, LSA-CCP Art. 927, on the trial of which evidence may be introduced, LSA-CCP Art. 931. The plaintiff against whose suit the exception is directed need not file replicatory pleadings, since all new matter alleged by the exception is considered denied or avoided by him. LSA-CCP Art. 852.
Res judicata is based upon the conclusive legal presumption of the "the thing adjudged" previously between the same parties; it is ordinarily based upon a final judgment. LSA-Civil Code Articles 2285, 2286, 2287, 3556(31). However, persons may also prevent or put an end to a law-suit by adjusting their differences by mutual consent and entering into a written "transaction" or "compromise". LSA-C.C. Article 3071. In this event, the transaction or compromise has "between the interested parties, a force equal to the authority of things adjudged" LSA-C.C. Article 3078. See Comment, Compromise in Louisiana, 14 Tul.L.Rev. 282 (1940).
In Louisiana practice, the defense that a suit is barred by a valid written compromise may be raised by an exception of res judicata and tried separately in advance of trial on the merits. Bowden v. *141 State Farm Mut. Auto. Ins. Co., La.App. 3 Cir., 150 So.2d 655. If so, the plaintiff against whose action the exception is directed may introduce evidence to prove error or fraud, LSA-C.C. Arts. 3073, 3079, without being under any necessity to file replicatory pleadings, LSA-CCP Art. 852, McNabb v. Foodtown, Inc., La.App. 1 Cir., 143 So.2d 144, or a prior independent action to annul the compromise, Moak v. American Automobile Ins. Co., 242 La. 160, 134 So.2d 911.
In the present case, however, the instrument relied uponthe Department of Public Safety (DPS) release form cannot be considered to be a written compromise entitled to the binding force of the thing adjudged. A unilateral "release", whereby without any shown consideration one party receives nothing in exchange for the release of his claim, simply does not meet the legal requirements of a valid compromise which is res judicata between the parties (see Haley v. Badon, La.App. 4 Cir., 98 So.2d 109):
A compromise is defined in LSA-C.C. Art. 3071 as an agreement by which the parties adjust their differences to prevent or to put an end to a law suit. Collier v. Administrator, Succession of Blevins, La.App. 4 Cir., 136 So.2d 774. A compromise is a bilateral contract. "When one party has all to gain and nothing to lose, no compromise results." Comment, Compromise in Louisiana, 24 Tul.L.Rev. 282, at 285 (1940). Green v. National Life & Acc. Ins. Co., La.App.Orl.Cir., 183 So. 604.
In some cases, a release may indeed be considered a compromise and therefore the basis for a peremptory exception. See, e. g., cases cited in Bowden v. State Farm Mut. Auto. Ins. Co., La.App. 3 Cir., 150 So.2d 655. However, in all cases found, there was something given in exchange for the execution of the release, either a payment of money, Bowden itself, or a mutual release, Haley v. Badon, La.App. 4 Cir., 98 So.2d 109 (relied upon by the trial judge). See also Wyatt v. Maryland Cas. Co., La.App. 2 Cir., 160 So.2d 383.
In no case that we have located has any court held that a DPS release by itself may be considered a compromise, upon the sole basis of which the peremptory exception of res judicata should be sustained. The cases relied upon by the defendants-appellees as indicating to the contrary are distinguishable on that account.
In Griffin v. Aetna Casualty & Surety Co., La.App. 3 Cir., 189 So.2d 324, the question at issue was whether the insureds could recover against their own liability insurer where they had executed a DPS release and accepted an additional sum by check endorsed by them and accepted as full release; we simply held this constituted a "settlement" intended to release the tortfeasors, which defeated (under a settlement-prohibition clause) the insureds' right to recover from their own insurer. In Haley v. Badon, La.App.Orl., 98 So.2d 109, although the court noted that the execution of mutual releases by the two parties to an accident might for that reason be considered valid consideration each for the other, the court nevertheless based its decision on a holding that the DPS releases were voluntary remissions and not compromises. Cf. also, American Bankers Insurance Co. v. Costa, La.App., 107 So.2d 76.
We therefore conclude that the exception of res judicata must be overruled, because the unilateral "release" executed herein by each plaintiff without shown or proved consideration does not constitute a binding bilateral compromise which may be the basis of res judicata.
2. The exception of no right of action.
However, in Haley v. Badon, La. App.Orl., 98 So.2d 109, it is noted that a release may be held to be a voluntary remission of a debt, LSA-C.C. Art. 2199, which along with payment is one of the several modes by which obligations may be extinguished, LSA-C.C. Art. 2130. Payment *142 and voluntary remission are included among the special defenses which must be pleaded affirmatively when pleaded by answer. LSA-CCP Art. 1005; see Reporter's Comment (b).
We were initially inclined to believe, however, that such a defense to a suit, an issue conveniently severable from trial on the merits, might be raised by the exception of no right of action, which peremptory action is more fully described by LSA-CCP Art. 927(5) as that of "[n]o right of action, or no interest in the plaintiff to institute the suit."
The essential function of this exception is to provide a threshold device for terminating a suit brought by one without legal interest to assert it. Reporter's Comment (b) 5, LSA-CCP. art. 927; Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358; McMahon, Parties Litigant in Louisiana, 11 Tul.L.Rev. 527, 528-32 (1937); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.Rev. 17, 29-31 (1934). As these authorities note, evidence is admissible on the in limine trial of this exception in order to support or controvert any of the objections pleaded by it. See also LSA-CCP Art. 931.
However, the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff's action. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Termini v. McCormick, 208 La. 221, 23 So.2d 52. For instance, in Wischer the Supreme Court reversed the lower courts and held that the defendants could not by this exception introduce a compromise and quitclaim agreement executed by the plaintiff in favor of the defendants, in order to prove that he lacked interest or right to file the suit in question.
The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Maryland Casualty Co. v. Gulf Refining Co., La.App. 1 Cir., 95 So.2d 734. The exception may also be used to raise the plaintiff's want of interest because of his prior transfer or quitclaim to a third person of his right to assert against the defendant the cause of action sued upon. Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753; Younger v. American Radiator and Standard Sanitary Corp., La.App. 3 Cir., 193 So.2d 798.
In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petition. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727.
Applying these principles, the plaintiffs, upon their allegations of injury through negligence for which the defendants are responsible, have alleged an interest, a right of action in their favor. The defendants have sought to introduce no admissible evidence to show that the plaintiffs do not as a matter of law possess the legal interest to file suit in tort against the defendants. In this regard, it is immaterial that, as a matter of defense of fact, the defendants may be able to defeat the plaintiffs' cause of action because of lack of negligence or because of the plaintiffs' voluntary remission of the obligation arising from any such negligence.
*143 The exception of no right of action must therefore be overruled.[4]
We may say that we found the resolution of this question to be conceptually difficult. We are not unaware that, under the particular circumstances shown here, the defense-issue raised by the releases is conveniently severable from the other issues relating to the merits, so that there is much to be said for a procedural rule permitting a trial of this issue separate from a general trial of all issues relating to the merits of this suit. See Professor Donald Tate's provocative comments in Faculty Symposium, The Work of the Louisiana Appellate Courts, 27 La. L. Rev. 422 at 544-47.
Nevertheless, as stated in Maryland Casualty Co. v. Gulf Refining Co., La.App. 1 Cir., 95 So.2d 734 at 738, in disposing of a similar question:
"* * * [W]hile doubtless there are good policy reasons favoring separate trial of separate issues, we must also concede that perhaps equally sound policy reasons favor Louisiana's present system of avoiding piecemeal trials.
"For although undoubtedly efficiency results when issues and parties are correctly eliminated in advance of trial on the merits, just as undoubtedly inefficiency and hardship result when parties or issues are incorrectly eliminated in advance of trial on the merits, causing the necessity of remands, retrials, and multiple appeals and delays. And courts being (like all human institutions) fallible, errors must of necessity occur, as the tortuous appellate course of this case to date amply indicates. Further, the compartmentalizing of the knowledge of various witnesses as to various separately tried issues does not necessarily afford the most efficient or most convenient way to secure their testimony."
(3) The exception of no cause of action.
The exception of no cause of action, LSA-CCP Art. 927(4), has the function of raising the general issue as to whether any remedy is afforded by law to the plaintiff under the allegations of the petition. It is triable on the face of the papers. For purposes of its determination, all well-pleaded facts of the petition and any annexed documents must be accepted as true, with all doubts being resolved in favor of the sufficiency of the petition. See Elliott v. Dupuy, 242 La. 173, 135 So.2d 54.
No evidence may be introduced in support of the exception of no cause of action. LSA-CCP Art. 931. Furthermore, if evidence has incorrectly been admitted in connection with another exception tried at the same time, such evidence may not be considered for purposes of sustaining an exception of no cause of action. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589. On the other hand, the court may consider evidence admitted without objection at the trial of the exception. Breaux v. Pan American Petroleum Corp., La.App. 3 Cir., 163 So.2d 406, 417-418.
In the present suit, the plaintiffs objected to admission of the DPS releases when the defendants offered to introduce them. Tr. 51. As noted, these releases are not admissible for trial of the exception of no cause of action, if objected to. They cannot be considered for purposes of disposing of the exception, therefore.
*144 It is true that in Haley v. Badon, La.App. Orl., 98 So.2d 109, the Orleans court affirmed the dismissal of a suit upon exception of no cause of action, where the issue raised by the exception was based upon the execution of mutual releases. However, in that suit apparently no objection was made to introduction of the releases, or at least the court did not address itself to the issue of whether evidence outside the pleadings could be considered.
In this case, however, the exception of no cause of action must therefore be overruled, since the pleadings state a cause of action, and since objection was made to introduction of any evidence to enlarge them.

II.
Is parol evidence admissible to prove that the plaintiffs signed the releases because of error or that they are avoidable for other causes?
Since we have concluded that all exceptions must be overruled and the case therefore remanded for trial on the merits, we are not at this time concerned with the question of whether parol evidence is admissible for the purpose of avoiding the effect of the releases.
However, it is obvious that this will form an important issue of the trial on the merits. In the exceptional circumstances presented to us now, we have determined to rule upon the question. The views of inadmissibility expressed at the trial of the exceptions will, if adhered to on the trial on the merits, produce the occasion for a second appeal and a second remand. In the interests of judicial efficiency, we deem it appropriate at this time to pass upon the issue.
After the court overruled the plaintiffs' objection to introduction of the releases, the plaintiffs' counsel stated that he desired to introduce parol evidence showing error in the motive for the signing of these releases without consideration. Counsel stated he wanted to prove that, at the time of signing, his two plaintiffs were told something false and why they signed it in error. Tr. 54.
The defendants objected on the ground that parol evidence could not modify the terms of the release, and that the error in the motive for signing was immaterial. The trial court sustained the objection.
As earlier noted, in the trial of a peremptory exception, it has been held that the opponent to a compromise relied upon may collaterally attack it without any pleading or direct action to annul it. McNabb v. Foodtown, Inc., La.App. 1 Cir., 143 So.2d 144. This holding was reached in reliance upon LSA-CCP Art. 852, a new provision of our 1960 Code of Civil Procedure. This article states not only that no replicatory pleadings are required, but also that "all new matter alleged in exceptions, contradictory motions, and answers, whether in a principal or incidental action, shall be considered denied or avoided." (Italics ours.)
This holding has been criticized, 24 La.L.Rev. 304 (1964), but we deem it to be an appropriate interpretation of the code provision. Moreover, without this interpretation, there is no convenient pleading by which the opponent to an exception may raise the defense avoiding the compromise relied upon.[5] Furthermore, even when a defense of extinguishment or compromise is pleaded by the answer, it seems to us that, by the same principle and under the literal terms of Article 852 above-quoted, a plaintiff should be deemed to have "avoided" such new matter on grounds of error or otherwise, without being required to file replicatory pleadings specifically doing so.
*145 We believe, therefore, that parol evidence is admissible if offered by the plaintiffs in order to avoid the releases relied upon as voluntary remissions extinguishing Rudisill's obligation in tort.
Decree.
For the reasons assigned in section I above, we overrule the peremptory exceptions, and we reverse the trial court judgment sustaining them. We remand this case for further proceedings not inconsistent with the views expressed by us. All costs of this appeal are to be paid by the defendants-appellees; all other costs to await final determination of this litigation.
Reversed and remanded.
NOTES
[1] (a) Rudisill's liability insurer and (b) the liability insurer of a truck driver whose negligence allegedly caused Rudisill to collide.
[2] By separate opinion, rendered this date, we have overruled the motion of the defendants-appellees to dismiss this appeal. Bielkiewicz v. Insurance Company of North America, 201 So.2d 130.
[3] LSA-CCP Art. 929 provides: "* * * If the peremptory exception has been pleaded in the answer, or subsequently, but at or prior to the trial of the case, it shall be tried and disposed of on the trial. * * *" Relying on this, the plaintifs urge a technical objection to trial in limine of the present peremptory exceptions, since they were pleaded after the answer.

However, the Reporter's comment (b) to the Code provision notes that the article's purpose is to "* * * prevent the defendant's using dilatory tactics in filing the exception after answer, and then insisting upon the trial of the exception in an effort to delay * * * trial * * * on [the] * * * merits * * *", and that the article is not intended to "* * * interfere in any way with the trial judge's discretion * * *" to permit trial of the exceptions separately.
[4] The correctness of this ruling may more easily be appreciated if we assume that the present was a suit upon a promissory note and the defense sought to be asserted was payment. (Obligations may be extinguished by, inter alia, either payment or voluntary remission, LSA-CCP Art. 2130, both of which are included within the affirmative defenses of "extinguishment of the obligation under LSA-CCP Art. 1005, see Reporter's Comment (b).)

The defense of payment of a promissory note is plainly a factual defense to the merits of the claim, rather than a want of legal interest which may be raised by the exception of no right of interest to show that the particular plaintiff suing does not fall within the general class in favor of whom the alleged cause of action exists.
[5] However, the former approved procedure, in deference to the former jurisprudence requiring a direct action to annul a compromise (see, e. g., Wholesale Distributing Co. v. Warren, La.App. 2 Cir., 84 So.2d 250), was for the plaintiff to amend his petition alleging the nullity of the compromise urged and relied upon by the exception. 24 La.L.Rev. 304-05 (1964); see, e. g., Moak v. American Automobile Ins. Co., 242 La. 160, 134 So. 2d 911 (involving pre-1960 litigation).