WILLIAMS, Judge.
Plaintiff, John Willie Richmond, is a legatee under universal title by the olo-graphic will of Sarah Jane Davis Richmond who died August 23, 1960. Under the terms of her will, dated April 23, 1952, John Willie Richmond was bequeathed one-third of all the property owned by Sarah Jane Davis Richmond at the time of her death. Sarah Jane Davis Richmond was married to L. F. Richmond of which union nine children were born. L. F. Richmond died in 1951 and his succession has never been opened. John Willie Richmond, plaintiff herein, is the illegitimate son of Daisy Richmond, deceased, a daughter of L. F. and Sarah Jane Davis Richmond.
The will of Sarah Jane Davis Richmond was probated on January 29, 1968 and *138 John Willie Richmond appointed administrator. His appointment was subsequently annulled and Ora Richmond Jackson, a daughter of the deceased, was appointed administratrix. The record reflects that this succession is still under administration. There has been no judgment placing any of the heirs in possession. On November 29, 1968 plaintiff brought this suit against all heirs of Sarah Jane Davis Richmond, including Ora Richmond Jackson, individually and as administratrix of the succession, seeking a partition by licitation of the property. The petition contains no allegation that plaintiff is entitled to a judgment of possession. Alphonso Richmond, Robert Richmond and Ora Richmond Jackson, all made defendants in the suit, filed an exception of no cause or right of action. Minute entries of the trial court for April 17, 1969 indicate the exception of no cause or right of action was argued and sustained and the suit dismissed; however, the judgment of the court, without written reasons, sustained only the exception of no right of action. The minutes also indicate that the reasons for judgment were that the prior proceedings ordering an administration of the succession precluded plaintiff from obtaining a partition by licitation of the property. Plaintiff has appealed.
The judgment complained of is incorrect in that it improperly sustained the exception of no right of action. Under article 927 of the Louisiana Code of Civil Procedure the purpose of the peremptory exception of no right of action is to question the interest of plaintiff to institute the lawsuit. The exception of no cause of action questions whether the plaintiff is entitled to the relief sought under the allegations in the petition. The distinction between the exceptions is clearly set forth by Judge Tate in the case of Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir. 1967). The court described the purpose of the exception of no right of action in the following language:
“The essential function of this exception is to provide a threshold device for terminating a suit brought by one without legal interest to assert it. * * *”
“However, the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff’s action. * *
“The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. * *
“In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petition. * * *” [201 So.2d 136, 142]
The purpose of the exception of no cause of action is to raise:
“* * * the general issue as to whether any remedy is afforded by law to the plaintiff under the allegations of the petition. It is triable on the face of the papers. For purposes of its determination, all well-pleaded facts of the petition and any annexed documents must be accepted as true, with all doubts being resolved in favor of the sufficiency of the petition. * * *” [201 So.2d 136, 143]
 Applying the above reasoning to the instant case, the plaintiff as a legatee of an undivided one-third interest in the property of the deceased, cannot properly be said to be “without a legal interest in the subject matter of the litigation.” See also XXVII Louisiana Law Review 823 (1966-1967). Therefore, it appears that *139 the petition clearly sets forth a right of action in the plaintiff. The lower court erred when it sustained the exception of no right of action. However, the petition in this case fails to set forth a cause of action.
Plaintiff alleges that he is a legatee; however, nowhere in his petition does he allege that he or any other party is entitled to be placed in possession. Without such an allegation this proceeding is contrary to the law of this state as set forth in Article 3462 of the Louisiana Code of Civil Procedure, which reads as follows:
“When a succession has been opened judicially, the coheirs and legatees of the deceased cannot petition for a partition of the succession property unless they could at that time be sent into possession of the succession under Articles 3001, 3004, 3006, 3061, 3361, 3362, 3371, 3372, or 3381.” [1]
Accepting all well-pleaded allegations as true, the petition fails to state a cause of action; thus it follows that the trial court should have sustained the exception of no cause of action. Under the authority granted to us under Article 927 of the Code of Civil Procedure, the failure of a petition to disclose a cause of action may be noticed by the appellate court on its own motion. Pursuant to that authority, the judgment of the trial court sustaining the exception of no right of action is hereby amended so as to sustain the exception of no cause of action.
As so amended, the judgment is affirmed, at appellant’s cost.

. Articles 3371, 3372 and 3381 are applicable when there is an administration of a testate succession. They read as follows :
“Art. 3371. At any time after the homolo-gation of the final tableau of distribution, a legatee or any heir may file a petition to be sent into possession under benefit of inventory, alleging the facts showing that he is a legatee or an heir. Upon the filing of such a petition, the court shall order the executor to show cause why the petitioner should not be sent into possession.
“Evidence of the allegations in the petition for possession showing that the petitioner is a legatee or an heir shall be submitted to the court as provided by Articles 2821 through 2823.”
“Art. 3372. At any time prior to the homologation of the final tableau of distribution, the legatees in a testate succession may be sent into possession of all or part of their respective legacies upon filing a petition for possession as provided in Articles 3031 through 3035, except that the proceeding shall be contradictory with the executor. Upon the filing of such a petition, the court shall order the executor to show cause why the legatees should not be sent into possession. If the legatees are sent into possession of a part of their respective legacies, the executor shall continue to administer the remainder.
“Art. 3381. A judgment of possession shall be rendered and signed as provided in Article 3061. The judgment shall be rendered and signed only after a hearing contradictory with the succession representative, unless he joins in the petition, in which event the judgment shall be rendered and signed immediately.”