SAMUEL, Judge;
This suit was instituted by Samuel E. Pons against his uncle, George Neo Pons. Plaintiff’s aunt, Mary Antoinette Robinson, is named as a “nominal defendant”. The petition prays that a judicial determination be made as to whether or not Mrs. Robinson was coerced or unduly influenced to make decisions she does not desire to *562 make, for an accounting from defendant Pons of all money received by him from Mrs. Robinson, and that doctors and experts be appointed to determine Mrs. Robinson’s physical and mental condition.
Defendant, George Neo Pons, filed exceptions of no cause of action and no right of action to the petition. After a hearing on the exceptions, there was judgment maintaining the exception of no cause of action and dismissing the suit. Plaintiff has appealed.
In essence, the sixty-eight-paragraph petition alleges:
Plaintiff and his uncle, George Neo Pons (Mrs. Robinson’s brother), are that lady’s nearest living relatives. Mrs. Robinson had cared for and raised plaintiff and he had promised her deceased son he would look after her and take care of her affairs as long as she lived. After the death of her son, Mrs. Robinson requested plaintiff, and plaintiff agreed, to handle all of her financial affairs. She gave him her power of attorney by notarial act. When informed of this fact, defendant, George Neo Pons, strongly objected and he and his wife then took Mrs. Robinson into their home for the stated purpose of caring for her. Plaintiff agreed to the payment of $100 per week out of Mrs. Robinson’s property to them for that care and upkeep.
Thereafter, plaintiff was advised Mrs. Robinson wanted to change her will and he arranged for an attorney to prepare the will for her. At a later date, defendant, his wife and their son divided all of the furnishings in Mrs. Robinson’s home among themselves and prevailed on her to sell the home.
Plaintiff’s frequent visits to Mrs. Robinson were often punctuated by sharp disagreements with his uncle and the latter’s wife who were intent on creating confusion and dissatisfaction and upsetting Mrs. Robinson. Apparently Mrs. Robinson did not know she was paying defendant for her keep. When she found out she ordered plaintiff to cease the payments. Later, his uncle’s wife demanded back due payments and created a scene which upset Mrs. Robinson to such an extent she agreed to an increase. On several occasions plaintiff’s uncle and aunt attempted to influence Mrs. Robinson to change her will, to give money to their son and to cash in large certificates of deposit. Mrs. George Neo Pons later died and Mrs. Robinson expressed relief, informing plaintiff the wife used to beat her. Thereafter, plaintiff received a letter from his uncle’s attorney demanding a return of certificates of deposit and an account of expenditures.[1]
Since that time he has been refused permission to see his aunt and he is concerned about her physical, mental and monetary well being.
We affirm the judgment dismissing the plaintiff’s suit. However, we are of the opinion dismissal should be based on the exception of no right of action and not on the exception of no cause of action.
As stated by the Supreme Court of Louisiana in Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328:
“There has been much discussion about the purpose of the exception of no right of action, and many attempts to differentiate that exception from the exception of no cause of action. One of the best statements of the definition of no right of action and of the basis of the distinction between it and no cause of action was given by the late Henry George McMahon: ‘The former [no cause of action] is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter [no *563 right of action] is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally.’ McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L. Rev. 17, 29-30. See also McMahon, Parties Litigant in Louisiana, 11 Tul.L. Rev. 529-30. The exception of no right of action, however, cannot be invoked to determine whether a particular defendant can stand in judgment in a particular case, i. e., whether the right or remedy can be exercised against that defendant.
In Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967), Mr. Justice Tate of our court, then writing for the Court of Appeal, correctly stated the purpose of the exception of no right of action:
‘The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. sk * *
‘In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for the purpose of deciding the exception) that a valid cause of action is pleaded by the petition. LaSage v. Union Producing Co., 249 La. 42, 184 So.2d 727.’ ”
Here, the petition does state a cause of action, but only on the part of Mrs. Robinson.[2] And that cause of action is hers alone and the record is devoid of any evidence showing that plaintiff has any right to assert any cause of action belonging exclusively to his aunt. We note that plaintiff does not seek Mrs. Robinson’s interdiction.[3]
For the reasons assigned, the judgment appealed from is amended so as to maintain the exception of no right of action instead of the exception of no cause of action. As thus, amended, the judgment appealed from is affirmed.

Amended and affirmed.

. We note the record contains a certified copy of a notarial act by which Mrs. Robinson appointed defendant Pons her attorney in fact and specifically revoked the power of attorney she had previously given to plaintiff.

. For example, the allegations and prayer relative to an accounting from the defendant Pons.

. See LSA-C.C. Art. 390; LSA-C.C.P. Art. 4643.