BLANCHE, Judge.
Plaintiff, B & J Boats, Inc., filed suit against defendant, Rodney Whitney d/b/a Rodney Well Service I, to obtain a money judgment against the defendant in the amount of $7,998.95. To plaintiff’s petition, the defendant filed a peremptory exception styled “Exception of No Cause or Right of Action” alleging that plaintiff was not personally liable for the obligation sued upon as he had never conducted business either personally nor under the name of “Rodney Whitney d/b/a Rodney Well Service I.”
A minute entry by the deputy clerk of court, made part of the record, shows that the matter came on for trial on February 23, 1977; that neither plaintiff nor his counsel was in court; that defendant and his attorney were present in court; that the defendant put on evidence in the form of testimony from Rodney Whitney and filed into evidence a document referred to as Exceptor No. 1. Said exhibit purports to be a copy of a certificate issued by Paul J. Hardy, Secretary of State, certifying that articles of incorporation of Rodney Well Service I, Inc., were recorded in his office on May 24,1976. The aforesaid copy of the said certificate was not certified as a true copy by the Secretary of State as a record in his office. The testimony of the defendant, Rodney Whitney, was not recorded.
From a judgment in favor of the defendant, sustaining his exception, the plaintiff has perfected this appeal.
The exception alleges that the defendant is not personally liable for the debt as he has never conducted business either personally or under the name of Rodney Whitney, d/b/a Rodney Well Service I. This is an affirmative defense which he is required to prove on a trial of the merits by a preponderance of the evidence. It may *817 not be raised in limine by way of a peremptory exception of no right of action.
With regard to the exception of no right of action, this device may not be used to determine whether a particular defendant can stand in judgment in a particular case, i. e., whether the right or remedy can be exercised against that particular defendant. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action:
“ * * * relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. * * * ” (Bielkiewicz v. Rudisill, 201 So.2d 136 [La.App. 3rd Cir. 1967])
Defendant’s use of the exception of no right of action was improper and, accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings in accordance with law, at defendant’s costs.
REVERSED AND REMANDED.