150 So.2d 655 (1963)
Gwendolyn T. BOWDEN, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 800.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1963.
Gravel, Sheffield & Futhrer, by James S. Gravel and Leonard Fuhrer, Alexandria, McKeithen, Mouser & McKinley, Columbia, for plaintiff-appellant.
Gist, Murchison & Gist, by DeWitt T. Methvin, Jr., Alexandria, for defendant-appellee.
Before TATE, FRUGÉ and HOOD, JJ.
*656 TATE, Judge.
The plaintiff sues to recover for personal injuries sustained while riding in an automobile driven by the defendant's insured. The plaintiff appeals from the dismissal of her suit upon an exception of res judicata.
The exception is based upon a compromise agreement executed by her whereby for a paid consideration she released the defendant and its insured from any further claim by her against it arising out of the accident in question. The plaintiff's amended petition had alleged that this compromise release was obtained by fraud and misrepresentation and should be annulled as void.
The sole contention urged by the appellant is that the issue of whether a suit has been barred by a written compromise cannot be raised by an exception tried in advance of the merits, but this issue must instead be raised by pleading it as an affirmative defense in the defendant's answer, which is triable on the merits of the case.
At the risk of oversimplifying the rather subtle argument by the plaintiff's counsel, this contention is based upon the provisions of LSA-CCP Article 1005 that "The answer shall set forth affirmatively * * * transaction or compromise, and any other matter constituting an affirmative defense."
In support of the construction that there is a distinction between a suit being barred by a "compromise and transaction" as distinguished from "res judicata", counsel points out that the codal article omits "res judicata" from the affirmative defenses to be pleaded, which is a deliberate omission of wording from Federal Civil Rule 8(c), the source of the codal provision. Counsel further notes that the comments to the Article 1005 state that "res judicata is pleaded through the peremptory exception".
Res judicata is based upon the conclusive legal presumption of "the thing adjudged" previously between the same parties; it is ordinarily based upon a final judgment. LSA-Civil Code Articles 2285, 2286, 2287, 3556(31). However, persons may also prevent or put an end to a lawsuit by adjusting their differences by mutual consent and entering into a written "transaction" or "compromise", LSA-C.C. Article 3071; in such event the transaction or compromise has "between the interested parties, a force equal to the authority of things adjudged", LSA-C.C. Article 3078. See Comment, "Compromise in Louisiana", 14 Tul.L.Rev. 282 (1940).
In Louisiana practice, the defense that a suit is barred by a valid written compromise has commonly been raised by an exception of res judicata and has often been tried separately in advance of the trial on the merits. Blades v. Southern Farm Bureau Cas. Ins. Co., 237 La. 1, 110 So.2d 116, also 95 So.2d 209 (court of appeal opinion); Long v. Globe Indemnity Co., La.App. 1 Cir., 144 So.2d 275; Tooke v. Houston Fire and Casualty Ins. Co., La.App. 2 Cir., 122 So.2d 109; Jackson v. United States Fidelity & Guaranty Co., La.App. 2 Cir., 199 So. 419. See also Moak v. American Automobile Ins. Co., 242 La. 160, 134 So.2d 911. We do not think that the provisions of the new Code of Civil Procedure reflect any intention to change this former common practice.
In context, the requirement of LSA-CCP Article 1005 that the answer "shall" affirmatively plead the defense of transaction or compromise, simply means that, if this defense is pleaded in the answer, it cannot be pleaded by a mere general denial of the allegations of the plaintiff's petition, LSA-CCP Article 1004, but it must instead be set forth affirmatively. The code provision was not in our opinion intended to prohibit the defendant from also raising through the peremptory exception of res judicata (LSA-CCP Articles 923, 927), the issue that the suit is barred because of a transaction or compromise.
We therefore find the issue of the plaintiff's compromise barring her claim was *657 properly raised herein by the exception of res judicata.
This exception was tried separately in advance of the trial of the case. LSA-CCP Article 929. The plaintiff was entitled to produce evidence at the trial of this peremptory exception, LSA-CCP Article 931; and it is not disputed that she had the opportunity to do so, although she did not actually produce any testimony to prove that the otherwise valid release was void by reason of fraud or misrepresentation.
For the foregoing reasons, we find no error in the trial court's holding that the valid written compromise executed by the plaintiff bars her claim asserted by the present suit. Accordingly, we affirm the trial court judgment sustaining the defendant's exception of res judicata and dismissing this suit. The costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.