LEMMON, Judge.
This appeal questions the validity of a compromise executed by Shell Oil Company and Milton Kennedy in connection with the termination of their dealer agreement.
*1154 Shell and Kennedy had executed two contracts in August, 1972, whereby under the lease contract Kennedy agreed to lease a service station owned by Shell for three years under certain conditions, including minimum rent, and under the dealer contract Shell agreed to deliver and Kennedy agreed to purchase certain Shell products. In connection with the contracts Kennedy furnished $6,500.00 in cash and borrowed $14,650.00 (represented by two promissory notes) from Shell for inventory and other necessities in commencing the operation. The parties terminated their relationship on November 17, 1972.
Shell commenced the action by filing suit for the balance of $1,851.38 due on the two promissory notes, after credit was given for return of unused inventory items. Kennedy reconvened for damages, alleging Shell’s breach of the dealer contract and violation of anti-trust laws, and he requested a trial by jury. Shell responded to the reconven-tional demand with an exception of res judicata, alleging that the parties had signed a “Termination Agreement”, in which they mutually released each other from all claims arising out of the dealer contract.
The exception came on for hearing, and the trial judge received evidence as to whether Kennedy knowingly and willingly compromised his claim against Shell. Kennedy has now appealed from the subsequent judgment which maintained the exception and dismissed the reconventional demand.
I
Kennedy first contends that the factual issue as to the validity of the compromise is one for the jury and should not have been decided by the judge in advance of the trial on the merits.
In Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972) the Supreme Court held that a trial judge may properly determine, in advance of a jury trial on the merits, the peremptory exception of no right of action, even when factual evidence must be evaluated in order to make the determination. The court noted that many factual issues are denied jury deliberation, even in federal and common law state jurisdictions, and that the right of a Louisiana appellate court to review facts additionally prevents prejudice in this case. The court concluded that a plaintiff is not denied the right of trial by jury because our procedural system requires or permits certain issues to be decided by the judge alone in advance of the trial. See also C.C.P. art. 929; Bowden v. State Farm Mut. Auto. Ins. Co., 150 So.2d 655 (La.App. 3rd Cir. 1963).
While an argument for presenting all factual issues to the jury contains considerable merit, our procedural system apparently contemplates the use of devices such as the peremptory exception to avoid full-scale trial of actions which may be finally determined by the trial in advance of a conveniently separable issue. In the present case a decision sustaining defendant’s exception disposes of the entire case without the necessity of a lengthy trial of such issues as contract breach and damages. Although the compromise could also have been pleaded as an affirmative defense to be tried on the merits, we hold that the trial judge acted properly in determining the validity of the compromise at a trial on the exception in advance of the merits, thus avoiding trial of the entire matter.
II
Kennedy also contends that the trial judge erred in maintaining the exception of res judicata under the facts of this case.
The evidence consisted of the termination agreement and four volumes of deposition testimony by Kennedy. The compromise was a simple form agreement containing only the following provisions:
“THIS IS AN AGREEMENT, dated November 17, 1972, between SHELL OIL COMPANY, a Delaware corporation (herein called “Shell”) and Milton A. Kennedy of 713 Sadie Avenue in Metairie. Louisiana (herein called “Dealer”):
“1. TERMINATING, effective as of November 17. 1972, each of the following instruments between them:
*1155 Dealer Lease dated August 8, 1972
Dealer Agreement dated August 8, 1972
relating to the automobile service station located at 4601 Jefferson Highway in New Orleans. Louisiana: and
“2. RELEASING each other, as of the date of this Agreement, from all claims which each now has against the other (whether or not known to either) arising directly or indirectly under, out of or in connection with each terminated instrument, or any consignments, sales or deliveries of petroleum products by Shell to Dealer, excepting, however, claims of Shell against Dealer for indebtedness, reimbursement or indemnification, or relating to personal property of Shell heretofore or now in Dealer’s possession.”
Kennedy admitted that he signed the termination agreement and a bulk sales agreement and initiated some inventory forms on his last day at the station; that no one lied to him about the document, misled him, forced him to sign or deprived him of the opportunity to read the document, although he did not take the opportunity to read it; that he didn’t question the document or bargain over it; and that he understood the import of the agreement when he read it during the deposition.[1] He also conceded that his purpose in meeting with the Shell representatives at the station that day was “to get out of the obligations” and that at the time he had no idea of a suit against Shell.
Kennedy’s only complaint in his testimony is that no one specifically explained the agreement to him. He has shown no basis, however, for us to impose upon Shell a duty to do so.
The terms of the agreement are unequivocal and unambiguous. Indeed, the terms were such as would be expected in the termination of this type of relationship involving inventory and financing. Furthermore, Kennedy has not shown any circumstances which would invalidate his consent to the agreement.[2]
Compromises to avoid litigation are favored. Since there were no circumstances shown to justify rescinding the compromise, we conclude the agreement has a force equal to the authority of things adjudged. C.C. art. 3078.
The judgment is affirmed.

AFFIRMED.

. Kennedy was a high school graduate with several years of college and training school credits.

. Kennedy did state that during the inventory someone told him it looked like he would get some money back. However, he did not even contend in his testimony that his consent to the termination was given in reliance on this statement.