673 So.2d 1168 (1996)
Marius ORTEGO & Theresa Tate Ortego d/b/a Theresa's Dress Shop, Plaintiffs-Appellees,
v.
The STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, et al., Defendants-Appellants.
No. 95-830.
Court of Appeal of Louisiana, Third Circuit.
April 24, 1996.
*1169 Gary J. Ortego, Ville Platte, for Marius Ortego et al.
Ronald Joseph Bertrand, Rayne, Bernard Lindes Knobloch, Jr., Baton Rouge, for State of Louisiana DOTD et al.
Before KNOLL, THIBODEAUX, and AMY, JJ.
*1170 KNOLL, Judge.
The State of Louisiana, Department of Transportation & Development (DOTD) appeals a jury verdict condemning it to pay Marius Ortego and his wife, Theresa Tate Ortego, d/b/a Theresa's Dress Shop, $432,830 for damages associated with the DOTD's widening of U.S. Highway 167 through Ville Platte, Louisiana. The jury determined that DOTD was negligent in its design, planning or construction of the highway and that its negligence caused the Ortegos to remove or relocate their business and further caused them an economic loss.
DOTD appeals the jury verdict, contending that: (1) the trial judge erred in denying its peremptory exception of res judicata; (2) the trial judge erred in not allowing the jury to be made aware of an earlier final judgment of expropriation between the parties in a separate suit and the factual circumstances involved in that litigation; and, (3) in the alternative, the jury erred in awarding damages when neither those damages nor DOTD's responsibility for them were proven by adequate and substantial evidence. We affirm.

FACTS
The facts of this case revolve around DOTD's widening of U.S. Highway 167 through Ville Platte and the effect that this highway project had on Theresa's Dress Shop, a business establishment owned by Marius and Theresa Ortego. The project changed the highway from a two-lane to a four-lane thoroughfare.
On May 31, 1989, DOTD filed an expropriation proceeding (Number 49,230 on the docket of the Thirteenth Judicial District Court) naming the Ortegos as defendants. In that suit, DOTD expropriated 1,163 square feet of the Ortegos' property. The proposed expropriation involved square footage at the intersection of U.S. Highway 167 and David Street. For the expropriation of this property, DOTD deposited $4,528.00 into the court registry.
Subsequent to the filing of the expropriation proceeding, the Ortegos objected to DOTD's proposed taking and the amount deposited as compensation for the taking. They engaged the services of an appraiser and an engineer to aid in their opposition to DOTD's proposed action. As a result of their opposition, the Ortegos were able to convince DOTD to reduce the amount of land taken from 1,163 square feet to 511.66 square feet and to increase the amount of its deposit from $4,528 to $42,760, for a total of $47,288, as just compensation for the expropriation. After amending its petition for expropriation and making an additional deposit into the court registry, DOTD and the Ortegos filed a joint petition indicating their agreement. Pursuant to their agreement, the trial court signed a judgment in Suit Number 49,230 on February 10, 1992, that recited the following:
Considering the joint petition filed herein by plaintiff and defendants showing that an agreement and settlement has been reached herein by said parties, in accordance with said joint petition, that the defendants desire to accept the total amount of Forty-Seven Thousand Two Hundred Eighty-Eight and No/100 Dollars ($47,288.00) as a final award of just and adequate compensation for the property and property rights expropriated and in full settlement of all damages, the said amount of Forty-Seven Thousand Two Hundred Eighty-Eight and No/100 Dollars ($47,288.00) being represented by the amount of Four Thousand Five Hundred Twenty-Eight and No/100 Dollars ($4,528.00), heretofore deposited in the registry of the Thirteenth Judicial District Court for the Parish of Evangeline, and the additional amount of Forty-Two Thousand Seven Hundred Sixty and No/100 Dollars ($42,760.00), which said additional amount includes market value of land and improvements taken, as well as any claims for damages or other economic loses, interest, attorney fees, expert fees or depositions or other trial preparation costs, the application for the withdrawal of the amount deposited in the registry of the court, that defendants do not desire to contest this suit, it appearing that the plaintiff has accepted notice of the intention of defendants to withdraw the amount deposited in the registry of the court, the law and evidence being in favor thereof:

*1171 IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, the State of Louisiana, Department of Transportation & Development, and in favor of defendants, Marius Ortego and Theresa Tate Ortego, confirming the amount of Forty-Seven Thousand Two Hundred Eighty-Eight and No/100 Dollars ($47,288.00), as a final award to defendants of just and adequate compensation for the property and property rights heretofore expropriated in these proceedings and in full settlement of all damages, subject to the specific terms and conditions contained in the joint petition of plaintiff and defendants.
On the basis of this judgment, the Ortegos withdrew the $47,288.00 that DOTD had deposited in the court registry.
On August 14, 1994, the Ortegos filed a new petition for damages against DOTD.[1] In their petition for damages, the Ortegos distinguished their prior settlement of DOTD's expropriation suit in Number 49,230 of the Thirteenth Judicial District Court from their present action. They alleged that DOTD did not expropriate more property; instead, alleging that DOTD damaged them by using its prior existing right of way to the fullest extent possible. They point out, inter alia, that the widening of Highway 167 to a point less than five feet from Theresa's Dress Shop constituted a taking of their property without just compensation, that DOTD's project will cause them to relocate their business because of threats to the structural integrity of the building and lessened parking space, and that their business has suffered an economic loss.
DOTD interposed a peremptory exception of res judicata to the Ortegos' lawsuit. The trial court denied DOTD's peremptory exception.
At the beginning of trial, the Ortegos filed a motion in limine in which they asked the trial judge to prohibit DOTD from presenting evidence to the jury that referred in any way to the settlement of the prior expropriation suit. The basis for the Ortegos' motion in limine was that DOTD failed to specifically assert the affirmative defense of transaction and compromise. The trial judge granted the Ortegos' motion in limine.
The Ortegos presented evidence to the jury regarding cost to cure and consequential damages. After hearing lay and expert testimony, the jury found in favor of the Ortegos and awarded them $240,192 for the cost of removal and/or relocation of Theresa's Dress Shop and $192,638 for economic losses that the highway project caused. This appeal followed.

DENIAL OF PEREMPTORY EXCEPTION OF RES JUDICATA
DOTD first contends that the trial judge erred in denying the peremptory exception of res judicata it filed prior to trial.
The exception of res judicata is a peremptory exception which must be specially pleaded. La.Code Civ.P. art. 927. Evidence may be introduced on the trial of the peremptory exception of res judicata. La. Code Civ.P. art. 931. The plaintiff against whose suit the exception is directed need not file replicatory pleadings, since all new matters alleged by the exception are considered denied or avoided by him. Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3 Cir.1967). The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. Leger v. Louisiana State University Agricultural Center, 607 So.2d 744 (La.App. 1 Cir.1992).
Act 521 of the 1990 regular session of the Louisiana Legislature revised Louisiana's laws pertaining to res judicata, but provided that the preclusive effect and authority of a judgment rendered in an action filed before the effective date of the Act, January 1, 1991, shall be determined by the law in effect prior to January 1, 1991. In the case sub judice, DOTD filed its initial petition for expropriation on May 31, 1989. Therefore, since the *1172 first lawsuit was filed prior to the effective date of Act 521, the exception of res judicata in this matter is governed by the previous version of La.R.S. 13:4231, and the jurisprudence interpreting it. McClendon v. State, Dept. Of Transp. And Development, 94-0111 (La. 9/6/94), 642 So.2d 157.
At the time DOTD filed its action for expropriation, La.R.S. 13:4231 read:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The doctrine of res judicata is interpreted stricti juris and any doubt regarding compliance with its requirements is to be resolved in favor of maintaining the action. Kelty v. Brumfield, 93-1142 (La. 2/25/94), 633 So.2d 1210; McNeal v. State Farm Mutual Automobile Ins. Co., 278 So.2d 108 (La.1973). The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. McClendon, 642 So.2d 157. Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of "cause" and (3) an identity of the thing demanded. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La. 1978). Under former Section 4231, the Louisiana Supreme Court held that:
[I]n order for res judicata to apply, the thing demanded in the second action must be the same as the thing demanded in the first action which has been concluded by a definitive judgment; the demand must be founded on the same cause of action; and the demand must be between the same parties, formed by them against each other in the same quality.
Rivet v. First Financial Bank, FSB, 538 So.2d 216, 220 (La.1989).
In the present case, it is clear that the final judgment in the prior expropriation action embodied a compromise between the parties as it related to the 511.66 square foot tract. Louisiana law distinguishes between the res judicata effect of consent judgments and other final judgments. Vermilion Bay Land Co. v. Phillips Petroleum Co., 93-1393 (La.App. 4 Cir. 11/10/94), 646 So.2d 408. A consent judgment is in effect a bilateral contract between the parties which gets its binding force from the consent which the parties give, rather than from adjudication by a competent court. See Ritchey v. Azar, 383 So.2d 360 (La.1989).
Compromises lawfully regulate only those differences which appear clearly to be comprehended by the parties and do not extend to differences which the parties never intended to include in them. Townsend v. Townsend, 421 So.2d 969 (La.App. 3 Cir. 1982), writ denied, 427 So.2d 1211 (La.1983). Accordingly, only those issues that the parties clearly intended to resolve, did resolve, and could lawfully resolve in the language of the compromise agreements may be precluded by the effects thereof. Vermilion, 646 So.2d 408.
The earlier judgment of expropriation clearly shows that the Ortegos agreed not to contest DOTD's taking of the 511.66 square feet in exchange for an increased amount of compensation and a reduction in the amount of property DOTD expropriated. In particular, the consent judgment provided as follows:
[T]he defendants [the Ortegos] desire to accept the total amount of Forty-Seven Thousand Two Hundred Eighty-Eight and No/100 Dollars ($47,288.00) as a final award of just and adequate compensation for the property and property rights expropriated and in full settlement of all damages, the said amount of Forty-Seven Thousand Two Hundred Eighty-Eight and No/100 Dollars ($47,288.00) being represented by the amount of Four Thousand Five Hundred Twenty-Eight and No/100 Dollars ($4,528.00), heretofore deposited in the registry of the Thirteenth Judicial District Court for the Parish of Evangeline, and the additional amount of Forty-Two Thousand Seven Hundred Sixty and No/ 100 Dollars ($42,760.00), which said additional *1173 amount includes market value of land and improvements taken, as well as any claims for damages or other economic loses, interest, attorney fees, expert fees or depositions or other trial preparation costs....
(Emphasis added).
In their subsequent petition for damages, the Ortegos acknowledged their prior compromise in the expropriation suit of the limited square footage of property, and alleged separate damages that were not related to the prior expropriation suit. More importantly, the damages now claimed involved the impact of DOTD's use of its prior existing right of way that was not related to the prior expropriation. As described in Arnold v. Town of Ball, 94-972 (La.App. 3 Cir. 2/1/95), 651 So.2d 313, 318:
When property is damaged by the state and an expropriation proceeding has not been instituted to compensate the landowner, he may bring an inverse condemnation action under Article 1, Section 4 [of the Louisiana Constitution of 1974]. Constance v. DOTD, 626 So.2d 1151, 1156 (La.1993), U.S. cert. denied, ___ U.S. ___, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994).
As such, the Ortegos' damage claim stemmed from their action for inverse condemnation, not as an adjunct to the prior expropriation claim. It was against that backdrop, DOTD asserted its exception of res judicata, contending that the prior final judgment constituted a thing adjudged.
Viewing the entirety of this litigation, we cannot say that the trial court erred as a matter of law in denying DOTD's peremptory exception of res judicata. Although the parties were the same, the causes of action were significantly different. The former cause involved damages related to a limited expropriation and the latter entailed an inverse condemnation proceeding resulting from DOTD's use of its preexisting right of way without undertaking an additional expropriation. Therefore, we find no merit to DOTD's peremptory exception of res judicata.

DENIAL OF MOTION IN LIMINE: PRIOR SETTLEMENT
DOTD next contends that the trial court erred in granting the Ortegos' motion in limine which prohibited it from presenting evidence to the jury of the Ortegos' prior settlement of the expropriation action which involved Theresa's Dress Shop. DOTD argues that the trial judge's exclusion of this evidence prevented it from presenting its defense and interdicted the jury verdict. After carefully reviewing this issue, we agree with the trial court's disposition of this motion, but for other reasons.
In ruling in the Ortegos' favor on this issue, the trial court stated:
[T]his Court ... finds as a matter and finding of fact that the Defendant,STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, did not file, nor specifically plead, as required by law, any affirmative defenses to the Plaintiffs' petition and allegations contained therein, therefore makes the following rulings:
IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiffs' Motion to prohibit the expansion of the Defendant's pleadings and prohibit the Defendant from presenting to the jury any evidence, witnesses or even making reference to any settlement, compromise or payment as between the plaintiffs and defendant is granted, therefore:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant, STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, is prohibited from any expansion of the Defendant's pleadings and further prohibited from presenting to the jury any evidence, witnesses or even making reference to any settlement, compromise or payment as between the plaintiffs and defendant herein.
Our review of the record shows that in addition to filing a separate peremptory exception of res judicata prior to answering the Ortegos' petition, DOTD's answer specifically stated:
The allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, *1174 19, 20, 21, 22, 23, 24, 25, 26, and 27 of plaintiffs' petition are denied except that defendant states that judgment was rendered in State of Louisiana, Department of Transportation and Development v. Marius Ortego, et ux, No. 49,230-A on the docket of this court and that plaintiffs' claim is res judicata.

The proper procedural mechanism for interposing the defense of transaction or compromise is the peremptory exception of res judicata. Brown v. Drillers, Inc., 93-1019 (La. 1/14/94), 630 So.2d 741. Furthermore, in Bielkiewicz we stated:
[B]y the peremptory exception of "res judicata", LSA-CCP Art. 927(2), a party may raise the defense that the suit is barred by a written compromise, even though such is one of the affirmative defenses specifically listed by LSA-CCP Art. 1005. We noted [in Bowden v. State Farm Mutual Automobile Ins. Co., 150 So.2d 655 (La.App. 3 Cir.1963)] that, in context, that Code provision simply means that, if a special defense is pleaded in the answer, it cannot be pleaded by a mere general denial but instead must be set forth affirmatively.
Bielkiewicz, 201 So.2d at 140.
In the case sub judice, we find that the trial court read the requirements of La.Code Civ.P. art. 1005 too narrowly by stating that DOTD failed to specifically allege compromise and transaction. DOTD, as cautioned in Bowden and Bielkiewicz, did not simply rely on a general denial of the Ortegos' allegations. Moreover, since the proper procedure for raising compromise and transaction is res judicata, Brown, 630 So.2d 741, we find that DOTD's use of that term in its answer certainly encompassed the defense of transaction and compromise.
Notwithstanding the error of the trial court, our review of the record shows that the Ortegos raised the prior compromise judgment in their pleadings and alleged various elements of damages that were not encompassed in that earlier judgment. However, since earlier in this opinion we found that the trial court properly denied DOTD's pre-trial peremptory exception of res judicata, we find that the trial court correctly granted the Ortegos' motion in limine. In essence, the question raised in the motion in limine had been disposed of in the trial court's pre-trial ruling on the peremptory exception of res judicata. As such, the compromise in the former expropriation action was not relevant to the damage questions presented to the jury in this subsequent claim for inverse condemnation damages. Therefore, we find no error in the trial court's determination not to allow DOTD to introduce testimony of the prior settlement into the record of this action.

PROOF OF DAMAGES
DOTD contends that the jury erred in awarding the Ortegos $192,638 for economic loss/loss of the business and $240,192 for the cost of removal and/or relocation of their business. Even though DOTD did not controvert the expert testimony on these claims, DOTD argues that the Ortegos failed to prove their damages by a preponderance of the evidence.
It is axiomatic that a court of appeal may not set aside a trial court's or jury's findings of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Succinctly stated, a reviewing court may not reverse a factfinder's determinations unless (1) it finds from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) it further determines that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120 (La.1987).
The Ortegos presented expert testimony from two civil engineers, J. Ronald Landreneau and James R. Clary, Jr. Landreneau stated that one corner of Theresa's Dress Shop extended 2.2 feet into the existing DOTD right of way and that the building was only 5.5 feet away from the travel portion of the four-lane highway. Based upon these facts, Landreneau and Clary opined that the highway design did not meet industry standards, and that the proximity of the highway caused the building to suffer structural damage. Clary stated that he observed cracks and window moldings that separated from the building. He indicated that these were *1175 signs of structural stress caused by inadequate footings around the front of the building; the weakened footing was the result of the closeness of the four-lane highway to the building. As a result, Landreneau concluded that either the building had to be removed and relocated or the highway had to be moved further away from the building.
The jury further heard the testimony of Charles Buller, an expert real estate appraiser. He testified that it would cost the Ortegos $240,192 to remove their present structure and to relocate the business at a different location. His testimony was not refuted.
Likewise, Daniel Poret, a certified public accountant, testified about the economic loss the Ortegos suffered as a result of the highway construction. He stated that he personally observed the extreme difficulty that patrons had to endure to get to the dress shop. Based upon his studies of the Ortegos' income tax filings he said that between 1991 and 1994 the Ortegos suffered a $55,285 loss in profits and a $137,638 investment of capital into the business which they would not be able to recoup. Again, DOTD did not refute this testimony.
After carefully reviewing the record before us, we find that the transcript provides uncontroverted testimony in each of these damage categories that were directly related to DOTD's highway project. Therefore, within the constraints of the manifest error doctrine, we cannot say that the jury's assessment of damages was clearly wrong.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to DOTD.
AFFIRMED.
NOTES
[1] The Ortegos also included Gilchrist Construction Company, the contractor building the highway, and CLECO, the owner of power lines that were relocated above Theresa's Dress Shop, in their petition for damages. However, these parties were dismissed prior to trial. Accordingly, neither Gilchrist nor CLECO are parties to this appeal.