| | | |
|---|---|---|
| CARRERE HOLDINGS, LLC | * | NO. 2024-CA-0141 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| CHARLOTTE ANNE | * | |
| WILLIAMSON | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-01367, DIVISION "B"
Honorable Marissa Hutabarat,
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Nakisha Ervin-Knott)

Patrick S. McGoey
Andrea Timpa
McClain R. Schonekas
SCHONEKAS EVANS McGOEY & McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112

COUNSEL FOR PLAINTIFF/APPELLEE

Richard L. Traina
Charles L. Stern, Jr.
THE STEEG LAW FIRM, LLC
201 Saint Charles Avenue, Suite 3201
New Orleans, LA 70170

COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**SEPTEMBER 17, 2024**

NEK
DLD
JCL

Charlotte Anne Williamson ("Ms. Williamson") seeks review of the trial court's August 30, 2023 judgment granting Carrere Holdings, LLC's ("Carrere") motion for partial summary judgment.[1] After considering the record before this Court, we affirm the trial court's judgment.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This civil action involves a predial servitude that was created in connection with the purchase of immovable property. Ms. Williamson owns the property located at 4864-66 Magazine Street ("4864-66 Magazine"), which is situated at the corner of Magazine and Upperline Streets, in New Orleans, Louisiana. Carrere owns the property located at 4858 Magazine Street ("4858 Magazine") in New Orleans, Louisiana. These two properties are adjacent to each other.

On March 30, 2000, Ms. Williamson purchased 4864-66 Magazine from George C. Holmes ("Mr. Holmes"), Carrere's predecessor-in-title. Attached to the Act of Cash Sale was an Addendum to Cash Sale of Property Between George C. Holmes & Charlotte Williamson ("Addendum"), which established a right of way at

---

[1] Judge Pro Tempore Sheryl Howard rendered the trial court judgment in this matter as she was presiding over recently retired Judge Robin Giarrusso's docket.

1

the rear of 4864-66 Magazine in favor of 4858 Magazine. The Addendum specifically stated, in part:

> 1. Purchaser [Ms. Williamson] and Seller [Mr. Holmes] agree to establish and retain for Seller's use and enjoyment a Right of Way, or the equivalent of a Servitude or Easement, at the rear of the subject property that shall act as accessfor [sic] ingress and egress to the Seller-owned property at Municipal Address 4858 Magazine Street, New Orleans, Louisiana, that adjoins the subject property.

> 2. The Right of Way shall be described as follows, in accordance to a plat and survey prepared by Dading, Marques and Associates, Inc., July 15, 1996, and describing the property as Parish of Orleans, Louisiana, City of New Orleans, Sixth District, Square 197 (Bouligny), Lot "A", bounded by Magazine, upperline [sic], Constance and Lyons Streets:

>> The Right of Way shall commence sixteen (16) feet North from the very Southeast corner of the property, then due West all the way to the Western boundry [sic] property line, then due South all the way to the Southern boundry [sic] property line, and then due East along the Southern boundry [sic] property line to the very Southeast corner of the property.

> 3. Purchaser and Seller agree Seller shall retain the property of the Right of Way and improvements thereon for his sole use and enjoyment, but that at no time shall Seller unreasonably obstruct Purchaser's ingress and egress to her property.

> 4. Purchaser and Seller further agree and acknowledge Seller shall, at some future date, remove or demolish any improvements on the Right of Way and construct on access drive and any gate as necessary that may unite with Purchaser's entry gate at the rear of her premises. Purchaser hereby agrees to permit Seller to remove the existing rear wall and entry gate that adjoins her promises, in order to move the existing entry gate and re-erect any new wall and gate. Further, Purchaser authorizes Seller to utilize the rear entry gate for ingress and egress to use and maintain the Right of Way area open and free of further fencing, except that wall constructed at the rear of the subject property in accordance with a Site Plan initialled [sic] and made a part hereof by this reference.

> …

> 6. Purchaser and Seller agree this Addendum and all other documents referenced therein relating to their Contract to Buy and Sell the subject property shall be binding upon their *successors or assigns*.

Additionally, Ms. Williamson and Mr. Holmes executed a Servitude of Way or Passage ("Servitude Agreement"), which provided in part:

> PERSONALLY CAME AND APPEARED: CHARLOTTE ANNE WILLIAMSON, who declared that they are the owners of the following described property, to-wit:
>
> **SEE ADDENDUM "A" ANNEXED HERETO**
> **IMPROVEMENTS THEREON BEAR THE MUNICIPAL NO.**
> **4864-66 MAGAZINE STREET, NEW ORLEANS, LA 70115**
>
> That GEORGE C. HOLMES are the owner of the following described property, to-wit:
>
> **SEE ADDENDUM "B" ANNEXED HERETO**
> **4858 MAGAZINE STREET, NEW ORLEANS, LA 70115**
>
> **SEE ADDENDUM "C" ANNEXED HERETO**
> **SITE PLAN**
>
> For and in consideration of One and no/100 ($1.00) Dollar, receipt of which is hereby acknowledged, Charlotte Anne Williamson, agree to create a servitude of way or passage on the property located at 4864-66 Magazine Street, New Orleans, La 70115 for the right of ingress and egress of the existing structure located at 4858 Magazine Street, New Orleans, La 70115. This servitude on the property located at 4864-66 Magazine Street, New Orleans, La 70115 shall commence sixteen (16) feet North from the very Southeast corner of the property, then due West all the way to the Western boundary property line, then due South all the way to the Southern boundary property line and then due East along the Southern boundary property line to the very Southeast corner of the property.
>
> Appears [sic] shall at no time obstruct the servitude of way or passed [sic] in a manner so as to interfere with the use thereof by the occupants of the respective properties.
>
> Appearers agree that this contract is binding on their heirs and assigns.



CONSTANCE ST. (SIDE)

LYONS ST. (SIDE)

MAGAZINE ST.

UPPERLINE ST.

Right of Way

THIS IS TO CERTIFY THAT I HAVE CONSULTED WITH THE CONTROLLING PARISH AGENT AND/OR THE F.I.A. FLOOD HAZARD BOUNDARY MAPS AND FIND THAT THE ABOVE DESCRIBED PROPERTY IS LOCATED IN FLOOD ZONE B.

A. = Actual
T. = Title

ADDENDUM "B"



CONSTANCE ST. (SIDE)

LYONS ST. (SIDE)

MAGAZINE ST.

UPPERLINE ST.

THIS IS TO CERTIFY THAT I HAVE CONSULTED WITH THE CONTROLLING PARISH AGENT AND/OR THE F.I.A. FLOOD HAZARD BOUNDARY MAPS AND FIND THAT THE ABOVE DESCRIBED PROPERTY IS NOT LOCATED IN A SPECIAL FLOOD HAZARD ZONE. (ZONE B)

4



The following year, Mr. Holmes sold 4858 Magazine to 4858 Magazine Street, LLC ("the LLC") by way of Act of Cash Sale, which stated in pertinent part, "Seller [Mr. Holmes] transfers and assigns to purchaser [the LLC] his rights under a Servitude of Way or Passage between himself and Charlotte Anne Williams or any agreements relating to said use of passage." Under the LLC's ownership, 4858 Magazine underwent several structural changes, including: (1) adding an addition to the existing structure that extended into the "New Parking" spaces shown on Addendum C; (2) constructing a courtyard with a fountain in the proposed vehicle access area shown on Addendum C; (3) landscaping the proposed vehicle parking area and vehicle access area shown on Addendum C; and (4) building a solid fence (with a pedestrian gate) along the boundary line between the rears of 4858 Magazine and 4864-66 Magazine.

Twenty years later, Carrere purchased 4858 Magazine from the LLC pursuant to an act of Cash Sale, which included the Servitude Agreement executed by Ms. Williamson and Mr. Holmes. After purchasing 4858 Magazine, Carrere was unable to exercise use of the servitude due to Ms. Williamson's interference – she parked her vehicle in the servitude. Attempting to amicably resolve the issue, one of Carrere's members sent Ms. Williamson a letter informing her of its intent to use the servitude to drive and park vehicles in its backyard and requesting that she stop parking a vehicle in the servitude. However, Ms. Williamson refused to comply with Carrere's request.

On February 15, 2022, Carrere filed a petition for declaratory judgment and breach of servitude agreement seeking a declaratory judgment that it had the right to use the servitude according to the terms of the Servitude Agreement; a judgment that Ms. Williamson breached the Servitude Agreement; and an award of damages as a result of the breach. Ms. Williamson answered the petition denying that Carrere was entitled to the relief it sought and asserted a reconventional demand seeking a declaratory judgment that the servitude was for vehicular use and had prescribed due to nonuse or, alternatively, the servitude was extinguished when the structure for which it was created in favor of ceased to exist.

After over a year of discovery, Carrere filed a motion for partial summary judgment on its declaratory judgment claim. Ms. Williamson countered with a motion for summary judgment on her claims. The hearing on both motions was held on August 18, 2023. Ruling from the bench, the trial court granted Carrere's motion for partial summary judgment and denied Ms. Williamson's motion for summary judgment. The judgment was signed on August 30, 2023.

6

In response to the trial court's judgment, Ms. Williamson filed a consent motion to designate partial summary judgment a final judgment and motion for order of suspensive appeal on September 28, 2023. On October 10, 2023, the trial court signed the orders designating the partial summary judgment as a final judgment and granting this suspensive appeal.

## STANDARD OF REVIEW

"Appellate courts review summary judgments under the *de novo* standard of review, utilizing the same criteria employed by the trial court in determining whether summary judgment is appropriate." *Cooper v. English Turn Prop. Owners Ass'n, Inc.*, 2022-0748, p. 7 (La. App. 4 Cir. 4/25/23), 360 So.3d 633, 638 (citing *Succession of Rasch v. Dabezies*, 2017-0331, p. 5 (La. App. 4 Cir. 10/18/17), 316 So.3d 1167, 1170). "When the facts are not in dispute, summary judgment is appropriate as the appellate court need only 'look solely to the legal question presented by the motion for summary judgment.'" *Id.* (citing *Power Mktg. Direct, Inc. v. Foster*, 2005-2023, p. 9 (La. 9/6/06), 938 So.2d 662, 669).

## MOTION FOR SUMMARY JUDGMENT

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id*. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.* at (A)(3). "The mover bears the burden of proof." *Cooper*, 2022-0748, p. 6, 360 So.3d at 638 (citing La. C.C.P. art. 966(D)(1). "Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court, the

7

mover is not required to negate all essential elements of the adverse party's claim, but rather point out to the court the absence of one or more essential elements to the non-mover's claim. *Id.* at pp. 6-7, 360 So.3d at 638 (*See* La. C.C.P. art. 966(D)(1)).

<u>**DISCUSSION**</u>

As her sole assignment of error, Ms. Williamson asserts the trial court erred by granting Carrere's motion for partial summary judgment and finding that the servitude is active and may be used according to its terms. Ms. Williamson formulates two arguments in support of her assertion: (1) the servitude was for vehicular use, never was used by vehicles to access the existing structure on 4858 Magazine, and has prescribed; and (2) the structure at 4858 Magazine was changed dramatically and is not the structure that existed there in 2000, thus, as a result, the servitude was extinguished.

***Argument Number One: The servitude was for vehicular use, never was used by vehicles to access the existing structure on 4858 Magazine, and has prescribed.***

As her primary argument, Ms. Williamson argues the servitude on 4864-66 Magazine was for vehicular use, never was used by vehicles to access the existing structure on 4858 Magazine, and has prescribed. This Court previously stated the laws concerning predial servitudes:

> A predial servitude is a charge on a servient estate for the benefit of the dominant estate. La. C.C. art. 646. La. C.C. art. 705 provides in part:
>
> The servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, utilities, or vehicles are permitted to pass through the servient estate. Unless the title provides otherwise, the extent of the right and the mode of its exercise shall be suitable for the kind of traffic or utility necessary for the reasonable use of the dominant estate.
>
> A predial servitude may be extinguished by nonuse for ten years. La. C.C. art. 753. Prescription of nonuse begins to run for affirmative servitudes from the date of their last use. La. C.C. art. 754. "When the prescription of nonuse is pleaded, the owner of the dominant estate has

8

the burden of proving that he or some other person had made use of the servitude as appertaining to his estate during the period of time required for the accrual of the prescription." La. C.C. art. 764. An essential element of proof in extinguishing a servitude for nonuse is whether the servitude was in fact used for any purpose consistent with its grant. *Palgrave v. Gros*, 2002-249, p. 4 (La. App. 5 Cir. 9/30/02), 829 So.2d 579, 582.

*Thompson v. FRF Properties, LLC*, 2017-0152, p. 9 (La. App. 4 Cir. 11/2/2017), 229 So.3d 598, 603-04.

Two documents give rise to the servitude in dispute – the Addendum and Servitude Agreement. Ms. Williamson maintains the Addendum contemplated Mr. Holmes constructing an access drive on the servitude sometime in the future, and the Servitude Agreement indicated that a "new drive" would be constructed from the rear of 4864-66 Magazine – starting on Upperline Street – to 4858 Magazine that would allow vehicular access to "new parking" behind the 4858 Magazine property. Examining these two documents in their totality, Ms. Williamson submits the servitude was for vehicular use as the terms "drive" and "the right of way" are typically associated with vehicles.

"When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. Applying this legal principal to the matter herein, we find that a clear reading of the Addendum and Servitude Agreement show that the servitude was not limited to vehicle use only. Both documents provided a servitude of way or passage that permits a way of passage for the right of ingress and egress – the mode of ingress and egress are not defined in either document. Additionally, throughout Ms. Williamson's deposition, she acknowledged that Carrere and previous owners of 4858 Magazine have a pedestrian right of passage on the servitude. Moreover, Ms. Williamson admitted that the Servitude Agreement does not limit the servitude

to vehicular use. As Mr. Holmes' successor-in-title, Carrere has the right to utilize the servitude in a way "suitable for the kind of traffic or utility necessary for the reasonable use of" 4858 Magazine, which includes both vehicular and pedestrian usage. *See* La. C.C. art. 705.

Considering the fact that the servitude was not limited to vehicular use only – and pedestrian usage was permitted – the subsequent issue is whether the servitude prescribed due to nonuse. The undisputed evidence in the record demonstrates the servitude was utilized by pedestrians. During her deposition, Ms. Williamson testified that since the creation of the servitude, vehicle usage of the servitude has never occurred. Nevertheless, she conceded that pedestrian usage of the servitude occurred from the servitude's inception until just prior to this lawsuit, which was filed in 2022. "Express statutory authority provides that partial use of the servitude constitutes use of the whole." *Thompson*, 2017-0152, p. 14, 229 So.3d at 606. Consequently, "any use of a portion of the area burdened with a predial servitude interrupts the prescription of nonuse as to the entire area." *Id*. (citing *Claitor v. Brooks*, 2013-0178, p.7 (La. App. 1 Cir. 12/27/13), 137 So.3d 638, 643-44). After careful review, we find the undisputed evidence shows the servitude has been used – at least by pedestrians – within the last ten years, which is consistent with the servitude's permitted use. Therefore, the servitude is not prescribed.

***Argument Number Two: The structure at 4858 Magazine was changed dramatically and is not the structure that existed there in 2000, thus, as a result, the servitude was extinguished.***

In the alternative, Ms. Williamson argues the structure at 4858 Magazine was changed dramatically and is not the structure that existed there in 2000, thus, as a result, the servitude was extinguished. "A predial servitude is extinguished by the permanent and total destruction of the dominant estate or of the part of the servient

estate burdened with the servitude." La. C.C. art. 751. Further, "[i]f the exercise of the servitude becomes impossible because the things necessary for its exercise have undergone such a change that the servitude can no longer be used, the servitude is not extinguished; it resumes its effect when things are reestablished so that they may again be used, unless prescription has accrued." La. C.C. art. 752.

According to the Servitude Agreement, the servitude was created "for the right of ingress and egress of the **existing structure** located at 4858 Magazine…" (emphasis added). Under the LLC's ownership, 4858 Magazine underwent several changes that altered the property as it existed at the servitude's inception, including: (1) an addition to the existing structure; (2) construction of a courtyard with fountain; (3) additional landscaping; and (4) erection of a solid fence with pedestrian gate along the boundary line between the rears of 4858 and 4864-66 Magazine. Ms. Williamson contends because the current structure of 4858 Magazine is not the structure that existed there when the servitude was created and has been dramatically changed, the servitude is extinguished.

First, it is important to note that the "existing structure" of 4858 Magazine – as it was at the time the servitude was created in 2000 – still exists. The LLC constructed an additional building and attached this new building to the already existing structure on the property. Second, these changes – the addition to the existing structure, courtyard with fountain, landscaping, and fence – did not impact the servitude area in a way so as to cause the exercise of the servitude to become impossible. Ms. Williamson admitted that pedestrian use of the servitude has occurred for the last twenty years. As such, we find the changes to 4858 Magazine did not have the effect of extinguishing the servitude.

## <u>DECREE</u>

For the foregoing reasons, we affirm the trial court's August 30, 2023 judgment granting Carrere's motion for partial summary judgment.

**AFFIRMED**